UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Combined Insurance Company,
      Interpleader Plaintiff

  and

Dale Palmquist,                                      Civil No. 06-2542 (JMR/FLN)
      Plaintiff,

      v.                                        **REPORT AND**
                                            **RECOMMENDATION**
Tamara Rogers,

      Defendant.

_____

Benjamin Hayek for Interpleader Plaintiff
*Pro se* Plaintiff
*Pro se* Defendant

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 23, 2006, on Defendant's motion to disburse funds [#5]. The motion to disburse funds in an interpleader action is the functional equivalent to a motion for summary judgment. Therefore, this motion will be treated as a motion for summary judgment. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Plaintiff's Motion be DENIED.

**I.     FINDINGS OF FACT**

Interpleader Plaintiff Combined Insurance Company issued an insurance policy to Kurtis Palmquist insuring his life against accidental death. (Complaint for Interpleader and Declaratory Relief (hereinafter "Complaint") ¶ VI.) Tamara Rogers is the named beneficiary of that accidental death policy. (Complaint ¶ VI.) On November 20, 2005, Kurtis Palmquist was found dead. (Complaint ¶ VIII.)

Plaintiff Dale Palmquist, insured's father, notified Combined Insurance Company of his intent to file an wrongful death suit against Rogers. (Complaint ¶ XI.) As a result of Plaintiff's notification, Combined Insurance Company filed this interpleader action. (Complaint ¶ XII.) As a result of that action, Combined Insurance Company has paid the $52,500.00 into the registry of the Court.

To date, a pre-trial schedule has not been set and no discovery has occurred.

## II. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure Rule 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to determine whether a certain fact is material, " it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

### III. LEGAL ANALYSIS

Under Minnesota law, "a named beneficiary of a life insurance policy who feloniously and intentionally kills the person upon whose life the policy is issued is not entitled to any benefit under the policy." Minn. Stat. § 524.2-803 (d). Defendant Tamara Rogers argued at the hearing on this motion that she has been cleared of any crime by the law enforcement agencies that have investigated the death of Kurtis Palmquist. However, lack of criminal conviction does not preclude a civil determination of whether Defendant feloniously and intentionally killed Kurtis Palmquist. Matter of Congdon's Estate, 309 N.W.2d 261, 270 (Minn. 1981).

Summary judgment is not appropriate because the current record is inadequate for the Court to make a finding as a matter of law that Tamara Rogers is entitled to judgment in her favor. Put differently, the Court does not have enough evidence before it to determine whether, in the circumstances of this case, Minn. Stat. § 524.2-803 (d) precludes Rogers from benefitting under the policy. The Court concludes that the record needs to be further developed under Fed. R. Civ. P. 56(f). The Court will recommend that the Motion to disburse funds be Denied without prejudice. If either party renews this motion or makes a new motion, it must be supported by the kind of evidence contemplated by Fed. R. Civ. P. 56 (c):

> "depositions, answers to interrogatories, and admissions on file, together with the affidavits, [showing] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

### IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY**

**RECOMMENDED** that Defendant's motion to disburse funds [#5] is **DENIED, without prejudice.**

DATED: November 10, 2006                s/ *Franklin L. Noel*
                                        FRANKLIN L. NOEL
                                        United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 30, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **November 30, 2006,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.